**Opinion filed February 12, 2009**



In The

# Eleventh Court of Appeals

———————

## No. 11-07-00177-CR

———————

**GERALDO SALAZAR, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR17994**

### M E M O R A N D U M   O P I N I O N

Geraldo Salazar appeals his conviction by a jury for the offense of possession of less than one gram of methamphetamine. The jury assessed his punishment at confinement for twenty years. He contends in a single issue that the trial court erred by admitting into evidence photographs of jewelry found in a vehicle driven by him at the time of an alleged extraneous offense. We affirm.

At the punishment stage of trial, the State introduced photographs of drug paraphernalia and a large collection of jewelry found during the search of a vehicle driven by Salazar for the purpose of showing that Salazar had committed an unadjudicated drug offense. Salazar's counsel objected to the depiction of jewelry contained in the exhibits on the basis that the jewelry was unrelated to the unadjudicated drug offense and, therefore, that the probative value of the exhibits greatly outweighed the prejudicial value. The trial court admitted the exhibits depicting the jewelry with the condition that the State show it was not its contention that the jewelry items were stolen.

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, of confusing the issues, or misleading the jury or by considerations of undue delay or needless presentation of cumulative evidence. TEX. R. EVID. 403. Salazar suggests that the admission of the photographs of the jewelry would lead the jury to believe that he had committed some other crime such as theft of the jewelry and that the admission of the photographs was designed to impress the jury in some irrational but nevertheless indelible way. Inasmuch as the trial court required the State to negate any suggestion that it was contending that the jewelry in question was stolen and inasmuch as Salazar has no suggestion as to any other negative impression the photographs of the jewelry might have left with the jury, we hold that the trial court did not abuse its discretion in admitting the photographs of the jewelry into evidence because its probative value, although slight, is not substantially outweighed by the danger of unfair prejudice.

John Paul Moody, an investigator with the Brown County Sheriff's Office, was the witness who testified concerning the exhibits in question. After the exhibits were admitted, he testified that he had not found any jewelry that he believed was stolen or "such as that" and that the jewelry had been returned to the owner of the vehicle. Further, the State did not mention the jewelry in its final argument on punishment. We also note that the State presented evidence of five previous felony convictions. Taking all of these things into consideration, we hold that, even if the trial court had erred in allowing photographs of the jewelry to be introduced into evidence, we must disregard such error because it did not affect Salazar's substantial rights. TEX. R. APP. P. 44.2(b). We overrule Salazar's sole issue on appeal.

The judgment is affirmed.


February 12, 2009                                                  PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Strange, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.